UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER D., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:18-CV-00170-JTR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 12, 14. Attorney Lora Lee Stover represents Christopher D. (Plaintiff); Special Assistant United States Attorney Alexis Toma represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on March 24, 2014, Tr. 147, 159, alleging

disability since November 30, 2013, Tr. 300, 302, due to mental health issues and knee issues, Tr. 333. The applications were denied initially and upon reconsideration. Tr. 197-200, 203-07. Administrative Law Judge (ALJ) Mark Kim held a hearing on August 10, 2016 and continued the hearing for Plaintiff to obtain legal representation. Tr. 82-95. The ALJ held a second hearing on February 7, 2017 and heard testimony from Plaintiff, medical expert Stephen Rubin, Ph.D., and vocational expert Fred Cutler. Tr. 96-146. The ALJ issued an unfavorable decision on March 27, 2017. Tr. 41-56. The Appeals Council denied review on April 3, 2018. Tr. 1-7. The ALJ's March 27, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on May 23, 2018. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 50 years old at the alleged date of onset. Tr. 300. Plaintiff completed two years of college in 2012. Tr. 334. His reported work history includes the jobs of forklift driver, group therapist, laborer, line cook, skills coach, dock worker, post commander, detailer, and Atta lift operator. Tr. 334, 340. When applying for benefits Plaintiff reported that he stopped working on November 30, 2013 because of his conditions. Tr. 333. Plaintiff reported working since applying for benefits. Tr. 409-10. Income records show as many as six different employers since the alleged date of onset. Tr. 317-24.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo,

deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc.*

*Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, he is found "disabled." 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 27, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from November 30, 2013 through the date of the decision.

At step one, the ALJ found Plaintiff had engaged in substantial gainful activity from June 25, 2015 through September 30, 2015. Tr. 43. However, the ALJ addressed the remaining steps for the entire alleged period of disability, "for completeness." Tr. 44.

At step two, the ALJ determined that Plaintiff had the following severe impairments: osteoarthritis of both knees; degenerative disc disease of the lumbar spine; depressive disorder; generalized anxiety disorder; and obsessive-compulsive disorder. Tr. 44.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 44.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of light work with the following limitations:

> [H]e can never climb ladders or scaffolds; he can never crouch or crawl; he can occasionally stoop, kneel, and climb ramps and stairs; he is limited to work involving simple routine tasks with no production rate or pace work; and finally, he is limited to work involving occasional and only superficial interaction with the public, and occasional interaction with coworkers.

Tr. 47. The ALJ identified Plaintiff's past relevant work as industrial truck operator, short order cook, merchant patroller, stores laborer, hand packager, kitchen helper, children's institutional attendant, and substance abuse counselor.

Tr. 55. The ALJ found that he could not perform this past relevant work. Tr. 54-55.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of housekeeping cleaner, cafeteria attendant, and agricultural sorter. Tr. 55-56. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from November 30, 2013, through the date of the ALJ's decision. Tr. 56.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh his symptom statements, (2) failing to make a proper residual functional capacity determination, and (3) failing to make a proper step five determination.

**DISCUSSION[1]**

**1. Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 12 at 12-15.

It is generally the province of the ALJ to make determinations regarding the

---

[1]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." Tr. 47. Specifically, the ALJ stated that "[t]he medical evidence shows that the claimant's condition is generally controlled and responsive to treatment." *Id*.

This is the only reason for rejecting the symptom statements that Plaintiff identified in ALJ's decision. ECF No. 12 at 13. In contrast, Defendant argues that the ALJ provided four reasons: (1) Plaintiff's statements were inconsistent with the medical evidence showing Plaintiff's symptoms were generally controlled and responsive to treatment; (2) Plaintiff's statements were contradicted by multiple examining and non-examining opinions; (3) Plaintiff's statements were undermined by Plaintiff's work activity during the relevant period; and (4) Plaintiff's statements were unsupported by medical examinations and mental status findings. ECF No. 14 at 7.

Here, the ALJ's determination that Plaintiff's symptom statements were not supported by the medical evidence, is clearly stated in the decision and identified by both parties as a reason provided by the ALJ. Tr. 47; ECF No. 12 at 13; ECF No. 14 at 7. However, this reason standing alone is insufficient to support the ALJ's adverse determination regarding Plaintiff's symptom statements. Objective medical evidence is a "relevant factor in determining the severity of the claimant's

pain and its disabling effects," but it cannot be the only reason for rejecting a claimant's statements regarding his symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Furthermore, the ALJ failed to make any direct comparisons between Plaintiff's testimony and the medical evidence in the record. The ALJ summarized Plaintiff's statements in a function report and at the hearing. Tr. 47. He then summarized the physical medical evidence and concluded that the evidence supported the residual functional capacity determination. Tr. 47-49. Finally, he summarized the psychological medical evidence and concluded that the evidence supported the residual functional capacity determination. Tr. 49-50. At no point did the ALJ connect any specific medical evidence as undermining any specific statement by Plaintiff regarding his symptoms. Therefore, this is insufficient to meet the specific, clear and convincing standard. *See Lester*, 81 F.3d at 834 ("General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."); *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination. This was legal error.").

      Defendant argues that Plaintiff's challenge to the ALJ's determination is inadequate. ECF No. 14 at 8. The Court generally agrees. Plaintiff's entire argument consists of asserting that Plaintiff has provided evidence sufficient to support his reported symptoms and their alleged severity and that no providers challenged his credibility. ECF No. 12 at 13-14. This would typically be insufficient to challenge the ALJ's treatment of Plaintiff's symptom statements as it amounts to asking the Court to reweigh the evidence, which is not the Court's role. *See Tackett*, 180 F.3d at 1097 (If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.); *Andrews*, 53 F.3d at 1039 (The ALJ is responsible for determining

credibility, resolving conflicts in medical testimony, and resolving ambiguities.).
However, the ALJ failed to provide a single, specific reason for rejecting
Plaintiff's symptom statements beyond that they were unsupported by the medical
evidence. *See infra*. Therefore, under *Rollins*, the ALJ erred in his treatment of
Plaintiff's symptom statements, and a remand is required for the ALJ to evaluate
Plaintiff's symptom statements properly.

The next two reasons Defendant identifies as the ALJ's reasons for rejecting
Plaintiff's symptom statements amount to *post hoc* rationalizations. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). While the ALJ discussed the opinions of examining and non-examining providers, the ALJ never specifically concluded this reason undermined Plaintiff's statements. Tr. 50-54. Instead, the ALJ found that the medical opinions "show that the claimant retains considerable work-related abilities." Tr. 50. Likewise, the ALJ discussed Plaintiff's work during the relevant period, but did not conclude the reason undermined Plaintiff's statements. Tr. 49. Instead, the ALJ found that the work activity following the alleged date of onset contributed towards the "[b]alance of evidence" supporting the residual functional capacity determination. *Id*.

An ALJ is required to provide reasons that are "sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" *Bunnell v. Sullivan*, 947 F.2d 341, 345-56 (9th Cir. 1991) (quoting *Elam v. Railroad Retirement Bd*, 921 F.2d 1210, 1215 (11th Cir. 1991). The Ninth Circuit stated that the finding in *Bunnell* was intended to supplement the preexisting "clear and convincing" standard with the requirement that the reasons provided by the ALJ must also be "specific." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). "The clear and convincing standard is the most demanding

required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). Therefore, without a specific finding by the ALJ that he rejected Plaintiff's statements based on the opinions of examining and non-examining providers and based on Plaintiff's work activity, these reasons amount to *post hoc* rationalizations, which will not be considered by the Court.

The remaining reason Defendant attributes to the ALJ's decision, that Plaintiff's symptom statements were unsupported by medical examinations and mental status findings, is the same as the ALJ's conclusion that the statements were not supported by the medical evidence, Tr. 49, and has been found to not meet the specific, clear and convincing standard. *See supra*.

Therefore, the case is remanded for the ALJ to evaluate Plaintiff's symptom statements in light of the prevailing case law and the requirements set forth in S.S.R. 16-3p.

**2.     Residual Functional Capacity Determination**

Plaintiff challenges the ALJ's residual functional capacity determination by generally asserting that his limitations were not adequately addressed and should have resulted in a restricted range of sedentary work. ECF No. 12 at 15. Additionally, Plaintiff asserts that the ALJ failed to include Dr. Rubin's opined limitation that he should work alone. *Id*. at 16.

In forming the residual functional capacity determination, the ALJ is required to consider Plaintiff's statements regarding his symptoms and their resulting limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Since the case is being remanded for the ALJ to perform a new evaluation of Plaintiff's symptom statements, a new residual functional capacity determination will also be required.

**3.     Step Five**

Plaintiff challenges the ALJ's step five determination by asserting that the hypothetical presented to the vocational expert was incomplete and should have

1 included Dr. Rubin's opined limitation that he work alone. ECF No. 12 at 16.
2 Additionally, Plaintiff argues that the jobs the vocational expert identified as ones
3 he could perform, housekeeping cleaner, cafeteria attendant, and agricultural
4 sorter, require a worker to maintain pace and production, which is inconsistent
5 with the testimony of the vocational expert requiring absenteeism and being off
6 task. *Id.* at 15-16.

At step five, the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson*, 359 F.3d at 1193-94. In making this determination, the ALJ must consider a claimant's residual functional capacity and vocational factors. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v) 416.920(g). Therefore, a new step five determination will be required upon remand following the ALJ's new residual functional capacity determination.

**REMEDY**

Plaintiff requests the Court to apply the credit-as-true rule and remand this case for an immediate award of benefits. ECF No. 12 at 16.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, we remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even when the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact,

disabled." *Garrison*, 759 F.3d at 1021.

Here, Plaintiff submitted additional medical evidence to the Appeals Council, Tr. 2, 8-32, and attached additional medical evidence to his briefing in this Court, ECF No. 12-1. This continued submission of evidence demonstrates that the record before the ALJ was not complete and further administrative proceedings are required. Upon remand, the ALJ will gather any outstanding medical evidence, evaluate Plaintiff's symptom statements, make a new residual functional capacity determination, and make a new step five determination.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED, in part,** and the matter is **REMANDED** for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED April 30, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE